IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., and COMPOUND SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DNP INTERNATIONAL CO., INC., <br><br> Defendant. | Civil Action No. 11-788-GMS |

## ORDER

WHEREAS presently before the court is the defendant's Motion to Dismiss and Strike Portions of the Complaint (D.I. 5); and

WHEREAS the court has considered the parties' submissions as well as the applicable law;

IT IS HEREBY ORDERED THAT:

1. The defendant's Motion to Dismiss and Strike Portions of the Complaint (D.I. 5) is DENIED IN PART as follows:

    (a) a decision on the defendant's request to dismiss Count V of the Complaint is deferred pending supplemental briefing;[1]

---

[1] The defendant, DNP International Co., Inc. ("DNP"), first seeks dismissal of Count V of the Complaint (D.I. 1 at ¶¶ 89–91) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss an action or portion thereof when a plaintiff fails to state a claim upon which relief may be granted. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). In considering a motion pursuant Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

      (b) the defendant's request to strike the allegations related to the July 2011 press release is DENIED;[2] and

---

Count V alleges a prima facie tort. DNP argues that this cause of action must be dismissed because, under Delaware law, a party may only claim a prima facie tort where "the acts of which a plaintiff complains are not classified as any other recognized tort." (D.I. 6 at 7.) DNP contends that the prima facie tort claim arises from the same conduct already addressed by the plaintiffs' false advertising and unfair competition claims—claims that, according to DNP, "find their roots as common law torts." (Id.) The plaintiffs respond that they are entitled to raise their prima facie tort claim in the alternative and that dismissal is inappropriate at this early stage.

    At least two questions prevent the court from granting the motion to dismiss Count V at this time. First, while DNP is correct that the conduct underlying a claim for a prima facie tort must "not fall within the categories of traditional tort," *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. 1983), it is unclear under Delaware law *when* the court is to measure whether the conduct is covered by another tort claim. The court might decide at the beginning of a case if the conduct resembles that typically alleged in support of traditional tort claims. Alternatively, it might defer that assessment until the merits of the other tort claims have been decided, allowing the prima facie tort claim to proceed only once it has been determined that the underlying conduct does not rise to the level of a traditional tort. More fundamentally, it is unclear whether Delaware law even governs the plaintiffs' prima facie tort claim. As the parties have failed to address either of these questions, the court cannot presently resolve this issue.

    The parties are instructed to submit limited, supplemental briefing addressing the viability of the plaintiffs' prima facie tort claim in light of the questions posed above. The defendant's opening brief is limited to five (5) pages and must be submitted by March 18, 2013. The plaintiffs' responsive brief is limited to five (5) pages and should be submitted within ten (10) days of the defendant's opening brief. The defendant's reply should not exceed three (3) pages and must be submitted within five (5) days of the plaintiffs' response.

[2] DNP next seeks to strike statements made in the Complaint regarding a DNP July 2011 press release. (D.I. 1 at ¶ 38.) Under Rule 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sepracor Inc. v. Dey, L.P.*, No. 06-113-JJF, 2008 WL 4377570, at *2 (D. Del. 2008) (quoting *McInerney v. Mover Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). "Motions to strike are generally disfavored and 'usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Id.* (quoting *McInerney*, 244 F. Supp. 2d at 402).

    DNP argues that the plaintiffs have engaged in a "tortured interpretation of the plain language" of the July 2011 press release, that the statements contained in the release are accurate, and that the plaintiffs' allegations are "clearly false and highly prejudicial." (D.I. 6 at 8–11.) The plaintiffs respond that their allegations regarding the press release form the basis for their claims for false advertising in violation of the Lanham Act and Delaware Deceptive Trade Practices Act. (D.I. 8 at 12.) They note that "liability arises under the Lanham Act if the commercial message or statement is either (1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers." (*Id.* (citing *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).) DNP argues for the literal truth of each of the contested press release statements, but it fails to adequately address the plaintiffs' contention that the statements are "materially false and misleading." (D.I. 11 at 25.) Subtle questions, such as whether statements are "literally true or ambiguous, but ha[ve] the tendency to deceive consumers," generally are not the proper subject of a motion to strike. The court therefore denies DNP's motion to strike the allegations contained in paragraph 38 of the Complaint.

2

        (c) the defendant's request to strike the allegations related to settlement discussions (D.I. 1 at ¶¶ 35–36) is held in ABEYANCE pending supplemental briefing.[3]

Dated: March 7, 2013

                                            CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] DNP seeks to strike allegations in the Complaint concerning supposed settlement discussions in a related case. (D.I. 1 at ¶¶ 35–36.) DNP claims that the allegations are "immaterial" and "impertinent" under Rule 12(f) and further seek to improperly introduce evidence of settlement discussions. (D.I. 6 at 12.) The plaintiffs dispute DNP's characterization of the relevant statements as "settlement discussions." (D.I. 8 at 15–16.) They also argue that the statements, in fact, are relevant as they "constitute the factual basis for independent claims and are material to stating a cause of action against DNP." (Id. at 16.) The plaintiffs, however, have failed to explain how these statements relate to any cause of action. Since these statements appear to have "no possible relation to the controversy and may cause prejudice to one of the parties," the court will order that paragraphs 35 and 36 be stricken unless the plaintiffs identify in their supplemental briefing the independent claims the allegations support. The defendant may respond to any such claim made by the plaintiffs in its own reply brief. Neither side may exceed the page limitations discussed above.