IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATURAL ALTERNATIVES | ) | |
| INTERNATIONAL, INC., and | ) | |
| COMPOUND SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 11-788-GMS |
| v. | ) | |
| | ) | |
| DNP INTERNATIONAL CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| DNP INTERNATIONAL CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1283-GMS |
| | ) | |
| NATURAL ALTERNATIVES | ) | |
| INTERNATIONAL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Plaintiff DNP International Co., Inc. ("DNP") and defendant Natural Alternatives International, Inc. ("NAI") submit this Joint Status Report in accordance with Rule 26 of the Federal Rules of Civil Procedure and the Court's Order dated March 6, 2013.

This Joint Status Report is submitted for both C.A. Nos. 11-788-GMS and 11-1283-GMS. The parties have agreed, subject to the Court's approval, that these cases should be consolidated for all pre-trial purposes. Should the Court grant consolidation, the parties further propose that all filings shall be made in C.A. No. 11-788-GMS and the case caption should be as follows:

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., and COMPOUND SOLUTIONS, INC., )<br>)<br>) | |
| Plaintiffs, ) | |
| v. ) | No. 11-788-GMS (Consol.) |
| DNP INTERNATIONAL CO., INC., )<br>) | |
| Defendant. )<br>) | |

## JURISDICTION AND SERVICE

### C.A. No. 11-788-GMS

The parties agree that for purposes of this action, this Court has jurisdiction over the subject matter of, and the parties to, this action.  DNP filed a motion to dismiss in this action and therefore will file its answer in accordance with the Federal Rules of Civil Procedure.

This Court has subject matter jurisdiction over the causes of action in this complaint pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 35 U.S.C. § 1121(a).

### C.A. No. 11-1283-GMS

The parties agree that for purposes of this action, this Court has jurisdiction over the subject matter of, and the parties to, this action.  NAI appeared in the case and waived service. NAI's counterclaim has been served on DNP.

This Court has subject matter jurisdiction over the causes of action in this complaint and NAI's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 100, *et seq.*

## SUBSTANCE OF THE ACTION

### A.      C.A. No. 11-788-GMS

On September 8, 2011, NAI and CSI filed a Complaint in this Court alleging claims against DNP for violating Section 43(a) of the Lanham Act, state unfair competition laws and

prima facie tort (the "unfair competition case").  The allegations relate to statements (including those in a July 19, 2011 press release) made by DNP regarding a prior patent infringement action involving three of the patents asserted in this case.  On October 6, 2011, DNP moved to dismiss the prima facie tort claim and it further moved to strike certain allegations in the complaint.  On March 7, 2013, the Court denied in part DNP's motion to dismiss and strike portions of the Complaint (D.I. 5).  Specifically, the Court deferred a decision on DNP's request to dismiss Count V of the Complaint pending supplemental briefing, denied DNP's motion to strike the allegations related to the July 2011 press release (D.I. 1 ¶ 38) and held in abeyance DNP's motion to strike allegations related to settlement discussions (D.I. 1 ¶¶ 35-36)   pending supplemental briefing.  (D.I. 15).

**B.     C.A. No. 11-1283-GMS**

On December 22, 2011, DNP filed a complaint against NAI and Compound Solutions, Inc. ("CSI") seeking a declaratory judgment of non-infringement and invalidity as to the three older patents owned by NAI — U.S. Patent Nos. 5,965,596, 6,172,098, and 6,426,361.  (D.I. 1) (the "Patent Case").[1]  NAI and CSI learned of the existence of the case and moved to dismiss it on January 25, 2012.  (D.I. 5).  On January 27, 2012, DNP filed a First Amended Complaint that alleges NAI sued one of DNP's customers on a new NAI patent issued by the U.S. Patent and Trademark Office on November 29, 2011, U.S. Patent No. 8,067,381 ("the '381 patent") and seeking a declaratory judgment of non-infringement and invalidity.  (D.I. 11).  On February 6,

---

[1]     On December 21, 2011, NAI filed suit against Woodbolt Distribution, LLC (a DNP customer), and others, in the Southern District of Texas alleging infringement of U.S. Patent No. 8,067,381, which issued on November 29, 2011,  and later amending its complaint to include U.S. Patent 8,129,422, which issued on March 6, 2012. The parties in the Southern District of Texas filed summary judgment motions on infringement and validity in response to that Court's Order and a hearing was held on February 22, 2013.  The parties in that case are awaiting a decision by the District Court.

NAI filed an Answer to the First Amended Complaint, which denied the material allegations and raised defenses, and also counterclaimed against DNP for infringement of that patent. (D.I. 17). The same day, NAI moved to dismiss Counts I-VI of the First Amended Complaint relating to the older patents for lack of subject matter jurisdiction.[2] (D.I. 13). On February 27, 2013, the Court denied NAI's motion to dismiss the claims relating to the old patents, finding that NAI had not given DNP a covenant not to sue on those patents. (D.I. 25).

DNP is a California corporation with its principal place of business in Santa Fe Springs, California. DNP imports, supplies and distributes raw ingredients and also supplies beta-alanine to nutritional supplement manufacturers. DNP supplies beta-alanine to nutritional supplement contract manufacturers, formulators and distributors in the United States; it also imports beta-alanine into the United States.

NAI is a Delaware corporation with its principal place of business in San Marcos, California. NAI is a publicly traded company that formulates, manufactures and markets nutritional supplements and provides strategic partnering services to its customers. As part of its business, NAI owns the patents-in-suit relating to beta-alanine supplementation.

On March 6, 2013, this Court set a scheduling teleconference in both cases for March 13 at 10:00 a.m.

## IDENTIFICATION OF THE ISSUES

### C.A. No. 11-788-GMS – The Unfair Competition Case

The legal and factual issues in genuine dispute are: (a) whether DNP has violated Section 43(a) of the Lanham Act; (b) whether any alleged misrepresentation under the Lanham Act was willful; (c) whether DNP has violated the Delaware Deceptive Trade Practices Act, 6 Del. Code

---

[2]     CSI did not own any of the patents-in-suit and is a mere non-exclusive licensee. DNP dismissed CSI from the case on February 29, 2012. (D.I. 23, 24).

§ 2531, *et seq.*; (d) whether DNP has violated California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*; (e) whether DNP has violated California's False Advertising Law, California Business and Professions Code § 17500, *et seq.*; (f) whether DNP has committed a prima facie tort against NAI; (g) whether NAI is entitled to damages for the DNP's alleged infractions; (h) the amount of damages, if any, that DNP owes to NAI; (h) whether or not NAI is entitled to an injunction against DNP, as well as the scope of the injunction; and (i) whether either party should be awarded its reasonable attorneys' fees, costs, and disbursements..

### C.A. No. 11-1283-GMS – The Patent Case

The legal and factual issues in genuine dispute are: (a) the scope and construction of the claims of the patents-in-suit; (b) whether DNP has infringed one or more valid claims of the patents, and if so, the extent of such infringement; (c) whether infringement, if any, has been willful; (d) whether the patents are invalid and unenforceable; (e) whether NAI is entitled to any damages if DNP is found to have infringed any valid claim of the patents; (f) whether an injunction should be entered against DNP enjoining them from further infringement, if any, of the patents; and (g) whether either party should be awarded its reasonable attorneys' fees, costs, and disbursements.

**NARROWING OF ISSUES**

As discovery proceeds and the case progresses, the parties may be able to narrow the issues in dispute. NAI is considering whether to provide DNP with a partial covenant not to sue, which may narrow some of the patent claims at issue.

**RELIEF**

### C.A. No. 11-788-GMS – The Unfair Competition Case

NAI's Position:

NAI seeks damages adequate to compensate for its injury for DNP's false advertising and unfair competition together with pre-judgment and post-judgment interest.  NAI also requests that the Court enter an injunction against further unlawful conduct under the Lanham Act and Delaware and California law. NAI further seeks attorneys' fees, disbursements and costs as allowed by law.

DNP's Position:

DNP has moved to dismiss NAI's prima facie tort claims, and will continue to contest NAI's false advertising and prima facie claims.  DNP is of the position that NAI is not entitled to relief on any of its false advertising and prima facie tort claims.

### C.A. No. 11-1283-GMS – The Patent Case

DNP's Position:

DNP seeks a declaration that DNP has not infringed and does not infringe any valid and enforceable claim of four asserted patents and moreover that the asserted patents are invalid. DNP further requests a declaration that NAI's allegations of infringement are barred.  DNP further requests that the Court enter an injunction against NAI from asserting infringement or instituting any legal action for infringement of the asserted patents against DNP or its suppliers, manufacturers, distributors, resellers, customers or end users of its products.  DNP further seeks enhanced damages and its attorneys' fees under 35 U.S.C. § 285.

NAI's Position:

NAI seeks damages adequate to compensate for its injury for DNP's infringement of the patents-in-suit together with pre-judgment and post-judgment interest.  NAI also requests that the Court enter an injunction against DNP's infringement of the patents until their expiration (if

judgment occurs prior to such expiration).  NAI further seeks enhanced damages for alleged willful infringement, and attorneys' fees and costs due to the exceptional nature of this case in accordance with 35 U.S.C. § 285.

## AMENDMENT OF PLEADINGS

The parties' proposed deadlines for amendments to the pleadings are set forth in the Discovery section below.

## JOINDER OF PARTIES

The parties' proposed deadlines for joinder of parties is set forth in the Discovery section below.

## DISCOVERY

1.      As provided above, the parties propose that discovery for the two cases be consolidated.

2.      Stay of Case

NAI's Position:

NAI proposes that discovery proceed as contemplated by the proposed schedule set forth below.  NAI disagrees with DNP's proposal that discovery and all other proceedings in both cases be stayed pending a decision from a pending case in the U.S. District Court for the Southern District of Texas that does not involve DNP or most of the issues in both cases pending before this Court. The Texas case relates to infringement of two NAI patents that issued on November 29, 2011, and March 6, 2012.  Both of these patents issued after the filing of NAI's unfair competition case.   Only one of the patents being asserted by NAI against other parties in the Texas case is at issue in this case (the '381 patent).  Summary judgment motions on the issues of infringement and validity were originally filed in the Texas case in August 2012.  NAI

subsequently amended its complaint to add additional infringement allegations.   A hearing took place on February 22, 2013, and further briefing was ordered on certain issues.  The Texas court has not given any indication as to when it will rule on the pending motions.  NAI disagrees that any ruling from the Texas court regarding the '381 patent will have direct relevance to NAI's unfair competition claims, which were filed over two months before the '381 patent issued. Additionally, the three older patents in the patent case are not before the Texas court.  NAI disagrees with DNP that a stay is appropriate.  Should the Court, however, consider a stay of any proceeding, NAI proposes that it not include its unfair competition case filed in September 2011.

DNP's Position:

DNP proposes that discovery and all other proceedings in these two cases be stayed pending a decision on the summary judgment motions from the Southern District of Texas in the case against DNP's customer, Woodbolt.  The case pending against Woodbolt involves one of the asserted patents in the 11-1283 action and, because Woodbolt is a customer of DNP, could raise claims of issue preclusion and res judicata for C.A. No. 11-283.  Moreover, a decision in the Southern District of Texas has direct relevancy to the false advertising claims in C.A. No. 11-788, specifically whether the statements made by DNP in its press release are truthful or not materially misleading.  Should the Court prefer that DNP file a formal motion and the parties brief this issue, DNP will do so.  Should the Court, however, not be inclined to stay the cases, DNP has included its proposal concerning discovery and case schedule below.

3.      The nature of the patent case requires written discovery and testimony from fact witnesses regarding product development, alleged patent infringement, alleged patent invalidity, sales, marketing and licensing.  It will also require testimony from technical and economic

experts. The parties anticipate taking expert discovery pursuant to Rule 26.  The parties will require some third party discovery.

4.      The nature of the unfair competition case requires written discovery and fact witnesses regarding DNP's press release and its alleged conduct, as well as any of NAI's customers that were misled. It may also require testimony from experts.  The parties anticipate taking expert discovery pursuant to Rule 26.

5.      The parties propose that they adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules, except as further ordered by the Court.  In the event that the patent case is not consolidated with the unfair competition case, modifications to the discovery limits may be necessary.  If consolidation is ordered, the parties propose the following discovery limitations:

a.      <u>Interrogatories:</u>

**NAI proposal**: Each party may serve up to 40 interrogatories.

**DNP proposal:** DNP proposes that the parties adhere to the limitations set forth in the Federal Rules of Civil Procedure.

b.      <u>Depositions:</u>

**NAI proposal:** NAI proposes a total of 125 fact deposition hours per side. All individual and non-party depositions shall be limited to eight hours.  Depositions pursuant to Rule 30(b)(6) are subject to the overall hour limit but not the individual hour limit. Expert depositions shall be conducted in accord with the Federal Rules.

**DNP proposal:**  DNP proposes that the parties adhere to the limitations set forth in the Federal Rules of Civil Procedure for both number and length of depositions,

except for inventor depositions which shall be subject to a 14 hour limit per

inventor.  DNP proposes that expert depositions shall be conducted in accord with

the Federal Rules.

6.    <u>E-Discovery</u>: The parties agree that discovery in these cases will be governed by
the Court's Default Standard for Discovery, Including Discovery of Electronically
Stored Information.

7.    The parties agree that confidential information will likely have to be exchanged

between them during the course of discovery.  Accordingly, the parties agree that a protective

order will be necessary and will submit the proposed order to the Court within 14 days of the

date of the case scheduling order.

8.    The parties propose the following schedule for the timing of the deadlines and

events in these cases, subject to the approval of the Court and the Court's availability in the

timeframes proposed.

|  | NAI proposal | DNP proposal |
|---|---|---|
| Exchange of Rule 26(a) Initial Disclosures | March 27, 2013 | March 27, 2013 |
| E-Discovery Initial Disclosures (paragraph 3 of Default Standard) | April 12, 2013 | April 12, 2013 |
| NAI to identify accused products and asserted patents and produce file history for each patent (paragraph 4(a) of Default Standard) | April 12, 2013 | April 12, 2013 |
| DNP to produce core technical documents (paragraph 4(b) of Default Standard) | May 10, 2013 | May 10, 2013 |
| NAI to serve its initial infringement contention claim chart (paragraph 4(c) of Default Standard) | June 10, 2013 | June 10, 2013 |
| DNP to serve its initial invalidity contentions for each asserted | July 10, 2013 | July 10, 2013 |

| | | |
|---|---|---|
| claim and produce the asserted prior art references (paragraph 4(d) of Default Standard) | | |
| Joinder of other Parties and Amendment of Pleadings (except for inequitable conduct) | September 20, 2013 | September 20, 2013 |
| Reliance upon Advice of Counsel by DNP and production of opinions/related documents | 30 days after Court's *Markman* hearing | |
| Fact discovery deadline | May 30, 2014 | May 30, 2014 |
| Substantial Completion of Document Production | February 28, 2014 | February 28, 2014 |
| Parties Exchange Claim Terms Proposed for Construction | 14 weeks prior to *Markman* hearing | January 10, 2014 |
| Parties Exchange Proposed Construction for Terms in Dispute | 11 weeks prior to *Markman* hearing | January 17, 2014 |
| Meet and Confer on Claim Construction Disputes | 10 weeks prior to *Markman* hearing | January 24, 2014 |
| Filing of Joint Claim Chart | 9 weeks prior to *Markman* hearing | January 31, 2014 |
| Opening Claim Construction Briefs | 8 weeks prior to *Markman* hearing | February 7, 2014 |
| Answering Claim Construction Briefs and Joint Appendix | 4 weeks prior to *Markman* hearing | March 7, 2014 |
| *Markman* Hearing | Hearing date – To be determined at the convenience of the Court | April____, 2014 |
| Amendment of Pleadings as to Inequitable Conduct | March 15, 2014 | March 15, 2014 |
| Opening expert reports on issues for which party bears the burden of proof | July 18, 2014 | July 18, 2014 |
| Rebuttal expert reports | August 15, 2014 | August 15, 2014 |
| Expert Discovery deadline | October 10, 2014 | October 10, 2014 |

| Summary Judgment opening letter brief | October 24, 2014 | October 24, 2014 |
|---|---|---|
| Answering Summary Judgment letter brief | November 10, 2014 | November 10, 2014 |
| Reply Summary Judgment letter brief | November 28, 2014 | November 28, 2014 |
| Opening Summary Judgment briefs (if permitted by the Court) | Two weeks after permission to file | Two weeks after permission to file |
| Answering Summary Judgment briefs | Two weeks later | Two weeks later |
| Reply Summary Judgment briefs | Two weeks later | Two weeks later |
| Pretrial Conference | Early 2015, to be determined at the convenience of the Court | Early 2015, to be determined at the convenience of the Court |
| Trial | Early 2015, to be determined at the convenience of the Court | Early 2015, to be determined at the convenience of the Court |

**ESTIMATED TRIAL LENGTH**

<u>NAI proposal:</u>   At this time, NAI estimates a seven day trial if the two cases remain consolidated.

<u>DNP proposal:</u>   DNP proposes 10 days for a consolidated trial.

**JURY TRIAL**

The parties have requested a trial by jury on any issue triable of right by a jury.

**SETTLEMENT**

The parties have not yet discussed settlement but are willing to do so.   The parties suggest that the case be referred to the Magistrate Judge for mediation.

**OTHER MATTERS**

As detailed above, the parties agree to consolidate the two cases at least for pretrial purposes.   The parties do not oppose consolidation for pretrial, but would reserve their right to seek severance or bifurcation of the cases for trial.

The parties agree that service by e-mail will be regarded as personal service under Federal Rule of Civil Procedure 5(b) for purposes of serving discovery papers, motions, briefs, pleadings and written notices.

**CONFIRMATION OF RULE 26(F) CONFERENCE**

Counsel for the parties have conferred about each of the above matters.

POTTER ANDERSON & CORROON LLP

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiffs Natural Alternatives*
*International, Inc. and Compound Solutions,*
*Inc.*

OF COUNSEL:

Kevin M. Bell
Scott Chambers, Ph.D.
Lacy Kolo, Ph.D.
PATTON BOGGS, LLP
8484 Westpark Drive, Ninth Floor
McLean, Virginia 22102
Tel:  (703) 744-8000

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
Tel:  (202) 457-6000

Caroline Cook Maxwell
PATTON BOGGS LLP
2000 McKinney Avenue
Suite 1700
Dallas, TX 75201
Tel:  (214) 758-1500

Dated:  March 11, 2013
1097889/34341

SHAW KELLER LLP

By:  */s/ Karen E. Keller*
    Karen E. Keller (No. 4489)
    Andrew  E. Russell (No. 5382)
    300 Delaware Avenue, Suite 1120
    Wilmington, DE 19801
    (302) 298-0700
    kkeller@shawkeller.com
    arussell@shawkeller.com

*Attorneys for DNP International Co., Inc.*

OF COUNSEL:

Enoch H. Liang
Steven R. Hansen
Edward S. Quon
LEE TRAN & LIANG, APLC
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
(213) 612-3737