IN THE UNITED STATES DISTRICT COUT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., and COMPOUND SOLUTIONS, INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 11-788-GMS |
| DNP INTERNATIONAL CO., INC., | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT DNP INTERNATIONAL CO., INC.'S SUPPLMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

OF COUNSEL:
Enoch H. Liang
Edward S. Quon
LEETRAN & LIANG, APLC
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
(213) 612-3737

Dated: March 18, 2013

SHAW KELLER LLP
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendant*

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................................1

II. ARGUMENT .............................................................................................................................2

    A.  The Court Should Dismiss Plaintiffs' Prima Facie Tort Claim Now, At The Motion
        To Dismiss Stage ..............................................................................................................1

    B.  The Court Should Dismiss The Prima Facie Tort Claim Because The Alleged
        Conduct Is Covered By Plaintiffs' Other Tort Claims.....................................................2

    C.  The Court Should Dismiss The Prima Facie Tort Claim Because Plaintiffs Have Not
        Sufficiently Pled A Prima Facie Tort Claim...................................................................3

III. CONCLUSION.........................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                 **PAGE**

*Ciemniecki v. Parker Mccay P.A.*,
    C.A. No. 09-6450RBK/KMW, 2010 WL 2326209 (D.N.J. June 7, 2010) ..........................1, 2

*Colbert V. Goodville Mut. Cas. Co.*,
    C.A. No. K10C-01-001 JTV, 2010 WL 2636860 (Del. Super. June 30, 2010) .............1, 2, 3

*Nix V. Sawyer*,
    466 A.2D 407 (Del. Super. 1983)...................................................................................2

*Ota V. Health-Chem Corp.*,
    C.A. No. 83C-FE-99, 1986 WL 15559 (Del. Super. Dec. 22, 1986)......................................3

*Owens V. Connections Community Support Programs, Inc.*,
    840 F. SUPP. 2D 791 (D. Del. 2012)..................................................................................1

*Parker V. Comcast Corp.*,
    C.A. No. 04-344-KAJ, 2005 WL 2456221 (D. Del. Oct. 5, 2005 ......................................1, 2

*Zucker v. Katz*,
    708 F. SUPP. 525 (S.D.N.Y. 1989) ...................................................................................2

**OTHER AUTHORITIES**

Lanham Act..............................................................................................................................2

Delaware Deceptive Trade Practice Act ....................................................................................2

California Business and Professions Code ................................................................................2

I. INTRODUCTION

On October 6, 2011 Defendant DNP International Co., Inc. ("DNP") filed a motion to dismiss Plaintiffs' Natural Alternatives International, Inc. ("NAI") and Compound Solutions, Inc. ("CSI") Complaint. [D.I. 6.] After reviewing papers in support of, and in opposition to, the motion, this Court issued an Order denying the motion in part, and deferring a decision on DNP's request to dismiss Count V of the Complaint for prima facie tort pending supplemental briefing by the parties. [D.I. 15.]

DNP submits this supplemental brief in support of its motion to dismiss Count V of the Complaint pursuant the Court's March 7, 2013 Order.

II. ARGUMENT

    A. The Court Should Dismiss Plaintiffs' Prima Facie Tort Claim Now, At The Motion To Dismiss Stage

In its March 7, 2013 Order, the Court noted that although the conduct underlying a claim for a prima facie tort "must not fall within the categories of a traditional tort," it was unclear *when* courts measure whether the conduct is covered by another tort claim. [D.I. 15 at 2 n.1.]

The Court should follow the lead of Delaware courts and other federal courts and determine whether the conduct alleged in Plaintiffs' Complaint is covered by other tort claims now at the motion to dismiss stage, prior to discovery. *See e.g., Colbert v. Goodville Mut. Cas. Co.*, C.A. No. K10C-01-001 JTV, 2010 WL 2636860 (Del. Super. June 30, 2010) (dismissing plaintiff's prima facie tort claim on a motion to dismiss); *Parker v. Comcast Corp.*, C.A. No. 04-344-KAJ, 2005 WL 2456221, at *3 (D. Del. Oct. 5, 2005) (dismissing prima facie tort claim on a Rule 12(b)(6) motion to dismiss where underlying conduct was covered by claim for wrongful termination); *Owens v. Connections Community Support Programs, Inc.*, 840 F. Supp. 2d 791, 800 (D. Del. 2012) (same); *Ciemniecki v. Parker McCay P.A.*, C.A. No..09-6450RBK/KMW,

1

2010 WL 2326209, at *15 (D.N.J. June 7, 2010) (dismissing prima facie tort claim on a Rule 12(b)(6) motion to dismiss where "Complaint state[d] a claim for a number of established torts"); *Zucker v. Katz*, 708 F. Supp. 525, 536-37 (S.D.N.Y. 1989) (dismissing prima facie tort claim with prejudice on a motion to dismiss for failure to state a claim). Therefore, the Court should determine whether the alleged conduct underlying Plaintiffs' prima facie tort claim is covered by another claim now, at the motion to dismiss stage. For the reasons set forth in DNP's motion to dismiss briefing [D.I. 5 & D.I. 11] and sections II(B) and II(C) below, the Court should dismiss Count V of Plaintiffs' Complaint.

### B. The Court Should Dismiss The Prima Facie Tort Claim Because The Alleged Conduct Is Covered By Plaintiffs' Other Tort Claims

As set forth in DNP's opening brief, the allegations used to support the basis of Plaintiffs' prima facie tort claim are identical to the bases underlying their false advertising and unfair competition claims under the Lanham Act, the Delaware Deceptive Trade Practice Act (DDTPA), and California Business and Professions Code. [D.I. 6 at 6-7.] To establish a claim for prima facie tort, the acts complained of cannot be classified as any other recognized tort. *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. 1983); D.I. 15 at 2 n.1.

Plaintiffs' argument that they should be allowed to plead in the alternative should be rejected. A prima facie tort claim "is not a duplicative remedy for claims that can be sounded in other traditionally recognized tort theories, or a catchall remedy of last resort for claims that are not otherwise salvageable under traditional causes of action." *Colbert*, 2010 WL 2636860, at * 3 (internal quotation and citation omitted). The claim can only stand where it is properly pled, and no other causes of action cover the underlying conduct. *See Parker*, 2005 WL 2456221, at *3 (dismissing prima facie tort claim where underlying conduct covered by claim for wrongful termination); *Ciemniecki*, 2010 WL 2326209, at *15 (dismissing prima facie tort claim where

2

complaint also stated a claim for breach of contract and bad faith). Because Defendants have alleged other causes of action for the same underlying conduct, the Court should dismiss Count V of the Complaint.

### C. The Court Should Dismiss the Prima Facie Tort Claim Because Plaintiffs Have Not Sufficiently Pled a Prima Facie Tort Claim

Plaintiffs cannot make a claim for prima facie tort because the claim requires that the defendant's intentional infliction of harm be *solely* malicious. 2010 WL 2636860, at *3. In other words, "the act must not have been the product of mixed motive but must have been motivated solely by the desire to do injury. When there are other motives, such as profit, self-interest, or business advantage, no recovery may be allowed under the doctrine of prima facie tort." *Id.* (internal quotations omitted).

Here, Plaintiffs allege in their Complaint that DNP had non-malicious business motives for making the alleged misrepresentations—namely that DNP made these misrepresentations "for the purpose of deceiving the market, the public, consumers, potential consumers and competitors of NAI and CSI and harming its competition . . . ." [D.I. 1 at ¶¶ 64, 71.] Absent allegations that the motive, purpose or intent of DNP *was solely to do harm to Plaintiffs*, the claim fails. *See Ota v. Health-Chem Corp.*, C.A. No. 83C-FE-99, 1986 WL 15559, at *8 (Del. Super. Dec. 22, 1986) (no prima facie tort where defendants' motive was not solely to do harm to plaintiff); *Colbert*, 2010 WL 2636860, at *3 (plaintiff failed to plead sufficient prima facie tort claim where plaintiff also alleged defendants had a non-malicious business motive for their actions). Because Plaintiffs allege that DNP's actions were also motivated by a desire to cause harm to others aside from Plaintiffs, including to other competitors, the public and consumers, Plaintiffs cannot also allege a cause of action for prima facie tort.

### III. CONCLUSION

For the foregoing reasons and for the reasons set forth in DNP's opening brief [D.I. 5], Count V of Plaintiffs' Complaint should be dismissed.

                                                              */s/ Andrew E. Russell*
                                                              Karen E. Keller (No. 4489)
                                                              Andrew E. Russell (No. 5382)
                                                              SHAW KELLER LLP
                                                             300 Delaware Avenue, Suite 1120
                                                             Wilmington, DE 19801
                                                             (302) 298-0700
                                                             kkeller@shawkeller.com
                                                             arussell@shawkeller.com
                                                             *Attorneys for Defendant*

OF COUNSEL:
Enoch H. Liang
Edward S. Quon
LEE TRAN & LIANG, APLC
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
(213) 612-3737

Dated: March 18, 2013