# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC. and COMPOUND SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DNP INTERNATIONAL CO., INC., <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 11-788-GMS ) ) ) ) ) ) ) ) |
| DNP INTERNATIONAL CO., INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) C.A. No. 11-1283-GMS ) ) ) ) ) ) |

## SCHEDULING ORDER

This _____ day of _____ 20___, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on **March 13, 2013**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before **March 27, 2013** and their initial disclosures pursuant to Paragraph 3 of the E-Discovery Default Standard by **April 12, 2013**. The parties will exchange the information required in Paragraph 4 of the court's "Default Standard for Discovery,

Including Discovery of Electronically Stored Information ("ESI") according to the timetable set forth therein, with the following modifications

 a. Paragraph 4(a) disclosures (identification of accused products and asserted patents, and production of file histories) shall be served on or before **April 12, 2013**;

 b. Paragraph 4(b) disclosures (production of core technical documents) shall be served on or before **May 10, 2013**;

 c. Paragraph 4(c) disclosures (initial infringement contention claim chart) shall be served on or before **June 10, 2013**;

 d. Paragraph 4(d) disclosures (initial invalidity contentions) shall be served on or before **July 10, 2013**.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings other than motions to add allegations of inequitable conduct shall be filed on or before **September 20, 2013**. Motions to amend the pleadings to add allegations of inequitable conduct shall be filed on or before **March 15, 2014**.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than **30 days after the Claim Construction decision issues**. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than **30 days after the Claim Construction decision issues**.

4. **Markman Claim Construction Hearing.** A Markman claim construction hearing shall be held on **April 10, 2014 at 9:30 a.m**. The Markman hearing is scheduled for a total of 3 hours

with each side having 1.5 hours. The parties shall exchange claim terms proposed for construction on or before **January 10, 2014**. The parties shall exchange proposed constructions for terms in dispute on or before **January 17, 2014**. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues on or before **January 24, 2014**. On or before **January 31, 2014**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on **February 7, 2014**, and answering claim construction briefs on **March 7, 2014**. Briefing will be presented pursuant to the court's Local Rules.

5. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **May 30, 2014**. Document production shall be substantially completed on or before **February 28, 2014**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **July 18, 2014**. Rebuttal expert reports shall be served on or before **August 15, 2014**. Expert Discovery in this case shall be initiated so that it will be completed on or before **October 10, 2014**.

    a. **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint**, **non-**

---

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

**argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    b. **Interrogatories**. A maximum of 30 interrogatories, including contention interrogatories, are permitted for each side.

    c. **Depositions**. Each side is limited to a total of 12 fact depositions. Parties shall adhere to the limitations set forth in the Federal Rules of Civil Procedure for the length of depositions, except for inventor depositions, which shall be subject to a 12 hour limit per inventor. Expert depositions shall be conducted in accordance with the Federal Rules.

  6. **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

  **If after making a diligent effort the parties are unable to agree on the contents of the**

**joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact the assigned United States Magistrate Judge to schedule a settlement conference with counsel and the clients.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **October 24, 2014**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **November 10, 2014**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **November 28, 2014.** If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**: To the extent permitted, all case or issue dispositive motions and opening briefs shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. If the Court determines that summary judgment briefing is needed, answering briefs shall be served and filed within two weeks after opening briefs, and reply briefs shall be served and filed within two weeks after answering briefs.. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with

the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12. **Pretrial Conference**. On **March 11, 2015**, beginning at **10:00 a.m.**, the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*[2]: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before **February 27, 2015**.

13. **Trial**. This matter is scheduled for a **10 day (jury)** trial beginning at **9:30 a.m.** on **April 13, 2015**.

14. **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

1099346 / 34341-001