IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., and COMPOUND SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DNP INTERNATIONAL CO., INC., <br><br> Defendant. | Civil Action No. 11-788-GMS |

## ORDER

WHEREAS presently before the court is the defendant's Motion to Dismiss and Strike Portions of the Complaint (D.I. 5);

WHEREAS, on March 7, 2013, the court issued an Order (D.I. 15) denying in part the defendant's Motion to Dismiss and Strike and deferring resolution of two issues pending supplemental briefing; and

WHEREAS the court has considered the parties' supplemental briefing, their original submissions, and the applicable law;

IT IS HEREBY ORDERED THAT:

1. The defendant's Motion to Dismiss and Strike Portions of the Complaint (D.I. 5) is DENIED as follows:

    (a) The defendant's request to dismiss Count V of the Complaint is DENIED;

(b) The plaintiffs may pursue Count V of the Complaint to the extent that the conduct underlying Count V is not addressed by other counts of the Complaint or capable of being addressed by other traditional tort claims; and

(c) The defendant's request to strike the allegations related to the July 2011 press release (D.I. 1 at ¶¶ 35–36) is DENIED.[1]

---

[1] The plaintiffs suggest that Delaware has adopted New York's law with regard to *prima facie* tort claims and cites to two decisions applying New York law—one state and one federal—in support of its position that a claim for a *prima facie* tort should proceed at the pleading stage even when based on the same underlying conduct as another tort claim. (D.I. 22 at 2.) Indeed, the Court of Appeals of New York has noted that:

> It is our view that a modern system of procedure, one which permits alternative pleading, should not blindly prohibit that pleading in the area of prima facie tort. Of course, double recoveries will not be allowed, and once a traditional tort has been established the allegation with respect to prima facie tort will be rendered academic. Nevertheless there may be instances where the traditional tort cause of action will fail and plaintiff should be permitted to assert this alternative claim.

*Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc.*, 343 N.E.2d 278, 285 (N.Y. 1975).

However, while this may be the state of the law in New York, the court is not convinced that such alternative pleading is permitted under Delaware law with respect to a *prima facie* tort claim. As an initial matter, the plaintiffs' statement that Delaware has "adopted" the law of New York in this area appears to be an oversimplification—in the decision cited by the plaintiffs for this point, the Court of Chancery merely references a New York case in reciting the elements of a viable *prima facie* tort claim. *See Kaye v. Pantone*, 395 A.2d 369, 373 (Del. Ch. 1978) (quoting *Drago v. Buonagurio*, 402 N.Y.S.2d 250, 252 (N.Y. App. Div. 1978)). The court has been presented with no authority indicating that Delaware courts have wholly adopted the pre-1978 law of New York on this subject.

The only decision cited by either party that directly addresses the present issue under Delaware law is *Colbert v. Goodville Mut. Cas. Co.*, No. K10C-01-001-JTV, 2010 WL 2636860, at *3 (Del. Super. June 30, 2010). President Judge Vaughn of the Superior Court of Delaware dismissed the *prima facie* tort claim at issue there, noting:

> While the complaint does recite the elements of a *prima facie* tort claim, the basis of the claim is nearly identical to the basis of the plaintiff's contract claims, in particular her bad faith claim. A *prima facie* tort claim "is not a duplicative remedy for claims that can be sounded in other traditionally recognized tort theories, or a catchall remedy of last resort for claims that are not otherwise salvageable under traditional causes of action."

*Id.* (internal citations omitted). Though Judge Vaughn went on to describe an alternative basis for dismissal—namely, that the defendants' actions were not "solely malicious"—his decision rested, at least in part, on the above-quoted rationale. *See id.* This directly contradicts the New York decisions submitted by the plaintiffs, which allow for alternative pleading.

Presented with a single Delaware decision declaring "X," several New York opinions stating "Y," and a Delaware case that may or may not stand for the proposition that Delaware courts have adopted New York law on this subject, the court opts to rely upon the lone Delaware decision actually addressing the question at hand and thus will not allow alternative pleading of a *prima facie* tort claim here.

The plaintiffs' supplemental briefing, however, also raises the fundamental question of whether their *prima facie* tort claim is truly duplicative. Having been asked also to justify the inclusion of paragraphs 35 and 36 of the Complaint, the plaintiffs indicate that the allegations therein support the *prima facie* tort claim itself. (D.I. 22 at 4.) As indicated in its earlier Order, the court does not believe these paragraphs relate to any of the other Counts.

Dated: April 5, 2013

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

Therefore, to the extent they actually do support a *prima facie* tort claim, they offer independent support. While the court will not permit alternative pleading of such claims, to the extent the plaintiffs wish to pursue their *prima facie* tort claim here, they may do so on the independent basis of the allegations contained in paragraphs 35 and 36.

The court recognizes that the defendant, DNP International Co., Inc. ("DNP"), questions whether the allegations related to settlement discussions in paragraphs 35 and 26 can form a sufficient basis for a *prima facie* tort claim. (D.I. 23 at 3.) Specifically, DNP suggests that such settlement offers do not reflect an "intentional infliction of harm." *See Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. 1983) (noting that this tort has been defined as "the intentional infliction of harm, absent excuse or justification, resulting in damage by an act or series of acts which would otherwise be lawful and which do not fall within the categories of traditional tort"). While DNP may ultimately be proven correct on this point, the court cannot say at this early stage that Count V fails the test of facial plausibility. *See Bistrian v. Levi*, 696 F.3d 352, 365 (3d. Cir. 2012). As such, the court will deny the plaintiff's motion to dismiss Count V and, recognizing that paragraphs 35 and 36 of the Complaint may relate to that claim, likewise will deny the plaintiffs' motion to strike. *See Poole v. Taylor*, 446 F. Supp. 2d. 578, 583 (D. Del. 2006) ("Rule 12(f) motions to strike are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or if the allegations confuse the issues . . . It is thus a drastic remedy to be resorted to only when required for the interests of justice.'" (internal citation omitted)).