**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ———————————————————— ) | |
| NATURAL ALTERNATIVES ) | |
| INTERNATIONAL, INC. and COMPOUND ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 11-788-GMS |
| v. ) | (Consolidated with C.A. 11-1283-GMS) |
| ) | |
| DNP INTERNATIONAL CO., LTD., ) | |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to paragraph 4 of the Scheduling Order (D.I. 19), the parties jointly submit this Joint Claim Chart.

In prior litigation, this Court construed certain claim terms in U.S. Patent Nos. 5,965,596 ("the '596 patent"), 6,172,098 ("the '098 patent"), and 6,426,361 ("the '361 patent") (collectively "Old Patents"). *See Natural Alternatives International, Inc. v. Vital Pharmaceuticals, Inc., et al.*, Civil Action No. 09-626-GMS, Order (D. Del. May 31, 2011) (D.I. 125). The parties have agreed that they will not ask the Court to re-construe those terms, but the parties contend that certain constructions were erroneous and that the issue will be preserved for appeal to the U.S. Court of Appeals for the Federal Circuit. A proposed Stipulation and Order to this effect will be filed. For the record, the chart below includes the claim construction positions of the parties as to the terms in the three Old Patents.

As a result, this Court is only asked to only construe the two disputed terms in U.S. Patent No. 8,067,381 ("the '381 patent"), which issued after the conclusion of the prior case, as set forth in the chart below.

| Term | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| human dietary supplement ('381 patent claims 1, 8, 9, 11, 13) | "an addition to the human diet, ingested as a pill, capsule, tablet, powder or liquid, which is not a natural or conventional food, meat or food flavoring or extract, or pharmaceutical product  and that increases the function of tissues when consumed over a period of time." <br><br> *See, e.g.,* First Preliminary Amendment during prosecution of '381 patent dated Aug, 22, 2011; Notice of Allowability in the '381 prosecution, dated Oct. 17, 2011 at page 2; the '381 patent at col. 1, ll. 40-43; col. 3, ll. 21-25; col. 3, ll. 44-45; col. 3, l. 67-col. 4, l. 3; col. 4, ll. 27-34; col. 5, ll. 14-17; col 6, l. 66-col. 7, l. 4; col. 10, ll. 38-41; col. 10, ll. 61-62; col. 15, l. 45-col. 16, l. 25; col. 16, l. 29-col. 18, l. 15; claims 2-14 of the '381 patent; Figure 9 of the '381 patent; Examples I-IV of the '381 patent generally; the '361 patent at col. 1, ll. 18-21; col. 3, ll. 54-59; col. 5, ll. 55-57; col. 6, ll. 3-5; col. 6, ll. 9-10; col. 6, ll. 40-43; col. 6, ll. 64-65; col. 11, l. 61-col. 12, l. 59; col. 12, l. 60-col. 15, l. 14; Figure 9 of the '361 patent. | The term should not be construed because it is not a limitation. <br><br> However, if the term is construed to be a limitation, the claims are rendered indefinite. <br><br> *See e.g.,* '381 patent at col. 1, ll. 40-47; col. 5, ll. 46-52; col. 6, l. 53; col. 6, ll. 55-58; col. 6, l. 62-col. 7, l. 9; col. 9, ll. 20-23; Example 2 at col. 14, l. 15-col. 15, l. 43. |
| effective in delaying the onset of fatigue in a human ('381 patent claim 13) | "requires the human dietary supplement to be present in a sufficient amount and to be consumed over a period of time such that it will delay the | Indefinite. <br><br> *See e.g.,* '381 patent at col. 1, ll. 48-58; col. 6, l. 62-col 7, l. 4; col. 7, ll. 5-9; col. 27-48; |

| Term | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | onset of fatigue." *See, e.g.*, '381 patent at col. 1, ll. 40-52; col. 3, l. 67-col. 4, l. 3; col. 4, ll. 27-34; col. 7, ll. 5-9; col. 16, l. 29-col. 18, l. 15; the '361 patent at col. 1, ll. 18-30; col. 3, ll. 50-65; col. 5, ll. 55-57; col. 6, ll. 3-5; col. 6, ll. 9-10; col. 6, ll. 40-43; col. 6, ll. 64-65; col. 12, l. 60-col. 15, l. 14.[1] | Example 4 at col. 16, l. 27-col. 18, l. 15. |
| beta-alanine ('361 patent claims 5, 17, 32, 33; '098 patent claim 5; '596 patent claims 1, 2, 4, 6, 7, 10) | "the individual amino acid, beta-alanine, or its salt, ester or amide" *See, e.g.*, '361 patent, col. 2, ll. 42-50[2]; col. 5, ll. 11-29; col. 6, ll. 40-43; col. 6, ll. 56-64; Petition to Make Special, filed Mar. 1, 1999 at pages 3-4, during prosecution of the '596 patent; Office Action dated Oct. 19, 2009 in the '084 | "beta-alanine in the form of the individual amino acid, or as a component of a dipeptide, an oligopeptide, or a polypeptide, or an active derivative thereof."[3] |

[1]    Plaintiffs note their objection to Defendant's attempt to present the invalidity argument of indefiniteness as part of claim construction.

[2]    The '596, '098, and '361 patents have the same specification. Unless otherwise noted, the citations to "col. __, l. ___" herein refer to the column and line numbers in the '361 patent.

[3]    Defendant contends that the construction of "beta-alanine" in the three Old Patents renders the claims of the '381 patent indefinite. *See e.g.,* '381 patent at col. 2, ll. 24-29; col. 5, ll. 1-7; Petition to Make Special during prosecution of '596 patent filed Mar. 1, 1999; Response and Amendment during prosecution of '361 patent filed Aug. 3, 2001. Defendant reserves its right to move for summary judgment on the issue of indefiniteness based on the construction of "beta-alanine" in the '381 patent.

Plaintiffs disagree that the term "beta-alanine" as used in the '381 patent is indefinite and neither party asked that the Court construe the term at this time. Plaintiffs contend that "beta-alanine" as used in the '381 patent should be given its plain and ordinary meaning based on the express claim language and supported by the prosecution history of that specific patent. *See, e.g.,* Claim 1 of the '381 patent; First Preliminary Amendment during prosecution of '381 patent dated Aug, 22, 2011; Notice of Allowability in the '381 prosecution, dated Oct. 17, 2011 at page 2. Plaintiffs reserve all of their rights in responding to any dispositive motion by Defendant.

| Term | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | prosecution at page 3; Response to Office Action filed Apr. 19, 2010 in the '084 prosecution at page 24; Notice of Allowance in the '084 prosecution. | |
| L-histidine ('361 patent claims 5, 17, 32, 33; '098 patent claim 5; '596 patent claims 1, 2, 4, 6, 7, 10) | "the individual amino acid, L-histidine, or its salt, ester, or amide"<br><br>*See, e.g.,* '361 patent, col. 2, ll. 43-50; col. 5, ll. 11-29; col. 6, ll. 40-43; col. 6, ll. 56-64; Petition to Make Special, filed Mar. 1, 1999 at pages 3-4, during prosecution of the '596 patent; Office Action dated Oct. 19, 2009 in the '084 prosecution at page 3; Response to Office Action filed Apr. 19, 2010 in the '084 prosecution at page 24; Notice of Allowance in the '084 prosecution. | "L-histidine in the form of the individual amino acid, or as acomponent of a dipeptide, an oligopeptide, or a polypeptide, or an active derivative thereof." |
| dietary supplement ('361 patent claims 5-7, 17-20, 32, 33) | "an addition to the normal diet in a pill, capsule, tablet, powder, or liquid form, which is not a conventional food, and effectively increases the function of tissues when consumed"<br><br>*See, e.g.,* '361 patent, col. 1, ll. 18-25; col. 3, ll. 40-41; col. 5, l. 55; col. 6, ll. 3-6; col. 6, l. 40; col. 3, ll. 54-59; Examples I-IV generally. | The term should not be construed because it is not a limitation.<br><br>However, if the term is construed to be a limitation, the claims are rendered indefinite.<br><br>*See e.g.,* '361 patent at col. 1, ll. 18-25, col. 3, ll. 10-11; col. 3, l. 41; col. 3, ll. 60-65; col. 5, ll. 48-49; col. 6, ll. 56-60; Example 2 at col. 10, l. 23-col. 11, l. 11; col. 11, l. 56; Petition to Make Special during prosecution of '596 patent |

| Term | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | | filed Mar. 1, 1999. |
| active derivative ('361 patent claims 5-7, 17-20, 32, 33) | "a compound derived from, or a precursor of, the substance that performs in the same or similar way in the body as the substance, or which is processed into the substance and placed into the body, and excludes dipeptides, oligopeptides and polypeptides"<br><br>*See, e.g.*, '361 patent, Abstract; col. 2, ll. 40-50; col. 3, ll. 46-49; col. 5, ll. 45-48; Petition to Make Special, filed Mar. 1, 1999 at pages 3-4, during prosecution of the '596 patent; Office Action dated Oct. 19, 2009 in the '084 prosecution at page 3; Response to Office Action filed Apr. 19, 2010 in the '084 prosecution at page 24; Notice of Allowance in the '084 prosecution. | "a compound derived from, or a precursor of, the substance that performs in the same or similar way in the body as the substance, or which is processed into the substance and placed into the body." |
| providing an amount of [beta-alanine or L-histidine] to blood or blood plasma effective to increase beta-alanylhistidine dipeptide synthesis in a human tissue ('098 patent claim 5; '596 patent claims 1, 2, 4, 6, 10) | "supplying to a human an amount of [beta-alanine or L-histidine] by ingestion and therefore, causing an increase in [beta-alanine or L-histidine] in blood or blood plasma above normal concentrations found in a typical fed state, and thereby increasing the synthesis of beta-alanylhistidine dipeptide in the tissue"<br><br>*See, e.g.*, '361 patent, col. 2, ll. 51-60; col. 2, l. 62-col. 3, l. 3; | Plain and ordinary meaning |

| Term | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|------|-----------------------------------|-----------------------------------|
|  | col. 3, ll. 42-45; col. 3, ll. 60-65; col. 5, ll. 11-29; col. 5, ll. 36-51; col. 6, ll. 56-64. |  |
| increasing a concentration of insulin in the blood or blood plasma ('098 patent claim 9; '596 patent claim 9) | "the concentration of insulin in the blood or blood plasma is increased by ingesting or infusing insulin, or agents that stimulate the production of insulin" <br><br> *See, e.g.,* '361 patent, col. 3, ll. 14-15; col. 3, ll. 42-45; col. 5, ll. 52-54. | Plain and ordinary meaning |
| unit dosage form ('361 patent claims 6, 18) | "doses of a certain serving size that can be taken all at once, or in multiple parts throughout the day." <br><br> *See, e.g.,* '361 patent, col. 3, ll. 45-49; col. 5, l. 55-col. 6, l. 9. | "a form in which a single dose is contained by itself in a single unit" <br><br> *See, e.g.,* '361 patent, col. 3, ll. 45-49; Response and Amendment during prosecution of U.S. Patent No. 6,680,294 filed Aug. 13, 2003 (claims 23-26); Preliminary Amendment during prosecution of U.S. Patent No. 7,825,084 dated Dec. 15, 2008 at pp. 4-5 (claims 9-10, 23). |
| mixture | The parties have agreed that the term "mixture" should be construed as follows: "a composition, physical combination, or blend of substances that are not chemically bonded to one another." | |

Dated:  January 31, 2014

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Scott A.M. Chambers, Ph.D.
Kevin M. Bell
Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-6000
roparil@pattonboggs.com
schambers@pattonboggs.com
kbell@pattonboggs.com
lkolo@pattonboggs.com

Caroline C. Maxwell
PATTON BOGGS LLP
2000 McKinney Avenue
Suite 1700
Dallas, TX 75201
Tel: (214) 758-1500
cmaxwell@pattonboggs.com

*Attorneys for Plaintiffs*
*Natural Alternatives International, Inc.*
*and Compound Solutions, Inc.*

1138043/34341

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com

Enoch H. Liang
Steven R. Hansen
Edward S. Quon
LEE TRAN LIANG LLP
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
(213) 612-8900
enoch.liang@ltlattorneys.com
steven.hansen@ltlattorneys.com
edward.quon@ltlattorneys.com

*Attorneys for Defendant*
*DNP International Co., Inc.*