IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., and COMPOUND SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DNP INTERNATIONAL CO., INC., <br><br> Defendant. | C.A. No. 11-788-GMS (Consol.) |

## ORDER

Presently before the court in the above-captioned consolidated actions is DNP International Co., Inc.'s ("DNP's") Motion to Stay Litigation Pending *Inter Partes* Reexamination of U.S. Patent No. 8,067,381 (the '381 patent"), which seeks to stay the present litigation in its entirety.[1] (D.I. 64.) A decision to stay litigation lies within the sound discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). The court performs a balancing analysis

---

[1] On September 8, 2011, Natural Alternatives International, Inc. and Compound Solutions, Inc. ("collectively, NAI") filed an unfair competition action against DNP. (D.I. 1.) Almost four months later, DNP filed an action against NAI seeking declaratory judgments of noninfringement and invalidity with respect to three of NAI's patents – U.S. Patent Nos. 5,965,596 ("the '596 patent"), 6,172,098 ("the '098 patent"), and 6,426,361 ("the '361 patent"). (C.A. No. 11-1283-GMS, D.I. 1.) On January 27, 2012, DNP filed an amended complaint that also requested declaratory judgments of noninfringement and invalidity with respect to NAI's '381 patent. (*Id.*, D.I. 11.) The court consolidated the two actions for pretrial purposes on April 15, 2013. (D.I. 28; C.A. No. 11-1283-GMS, D.I. 36.)

using the following three factors to determine if a stay is appropriate: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co. v. McLaren LLC*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

After considering the parties' positions as set forth in their papers, as well as the applicable law, the court finds that a stay of only DNP's declaratory judgment action will advance the interests of judicial economy. The patent issues before the court will be simplified by the ongoing *inter partes* reexmamination proceeding, which invalidated the '381 patent.[2] Further, NAI is unlikely to suffer undue prejudice as a result of the stay,[3] especially in light of the fact that its unfair competition claims will proceed. Finally, the action has not progressed to

---

[2] On December 6, 2013, the U.S. Patent and Trademark Office ("PTO") issued a final decision rejecting all of the claims of the '381 patent on multiple grounds, including a break in the chain of priority. (*See* D.I. 65, Ex. A.) In addition, DNP, which is not a party to the reexamination, stated that it will stipulate to an estoppel with respect to arguments made in the reexam proceedings. (*Id.* at 4.) The court also notes that the PTO final decision rejected NAI's argument that corresponds to its claim construction position in the present case. (*See* D.I. 52, Ex. 17.)

[3] The timing of the motion to stay does not present evidence that DNP sought an unfair tactical advantage. DNP's request for a stay is premised on the affirmative decision of the PTO rejecting all claims of the '381 patent. (D.I. 65 at 6.) While DNP could have saved the parties and the court additional resources by filing the stay request immediately after the PTO decision, the court finds that the request is still timely and will allow the parties and the court to avoid wasting further resources on a currently invalidated patent. Further, it must be stressed that DNP is actually seeking a stay of its own declaratory judgment action. Although NAI does have counterclaims for infringement, the counterclaims are only asserted for the '381 patent. (*See* C.A. No. 11-1283-GMS, D.I. 17.) Finally, the fact that Compound Solutions competes with DNP in the marketplace for importing beta-alanine into the United States does not automatically establish undue prejudice because there are other active competitors in the same marketplace. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *3, (D. Del. July 2, 2013) ("The presence of multiple active firms in the relevant market, however, may decrease the likelihood of such harm befalling the plaintiff.").

2

a point that militates against a stay.[4] Accordingly, the court grants-in-part and denies-in-part DNP's motion to stay the litigation in its entirety.

IT IS HEREBY ORDERED THAT:

1. DNP's Motion to Stay Litigation Pending the Outcome of *Inter Partes* Reexamination of U.S. Patent No. 8,067,381 (D.I. 64) is GRANTED-IN-PART and DENIED-IN-PART;

2. *DNP International Co. Inc. v. Natural Alternatives International, Inc. et al*, C.A. No. 11-1283-GMS, is STAYED pending resolution of the *inter partes* reexamination of U.S. Patent No. 8,067,381; and

3. NAI's unfair competition claims in *Natural Alternatives International, Inc. et al v. DNP International Co. Inc.*, C.A. No. 11-788, shall proceed pursuant to the present schedule.

Dated: June 4, 2014

CHIEF, UNITED STATES DISTRICT JUDGE

---

[4] Although the parties conducted fact discovery, it is not complete. The parties have not taken any depositions, expert discovery has not commenced, and trial is not until April 2015 – nearly a full year away.

3