**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NATURAL ALTERNATIVES ) <br> INTERNATIONAL, INC. and COMPOUND ) <br> SOLUTIONS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DNP INTERNATIONAL CO., INC., ) <br> ) <br> Defendant. ) | C.A. No. 11-788-GMS <br> (Consolidated) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S ORDER
STAYING IN PART THIS CASE PENDING *INTER PARTES REEXAMINATION***

Plaintiffs, Natural Alternatives International, Inc. ("NAI") and Compound Solutions, Inc. ("CSI") (collectively, "plaintiffs"), respectfully request that the Court reconsider its June 4, 2014 Order granting the motion filed by defendant, DNP International Co., Inc. ("DNP"), to stay the patent part of this case pending the outcome of an *inter partes* reexamination filed by a third-party, Woodbolt Distribution LLC ("Woodbolt"), on U.S. Patent No. 8,067,381 ("the '381 patent"). (D.I. 76). The stay Order is premised on a clear error of law. Contrary to DNP's statements to this Court, the U.S. Patent and Trademark Office ("PTO") has not made a final decision on the '381 patent reexamination and the patent remains valid and enforceable. NAI's appeal of the Examiner's decision to the Patent Trial and Appeal Board ("PTAB") is pending, which will not be decided for *years* – a fact that DNP does not dispute. As such, the Court's Order staying the '381 patent infringement portion of this consolidated case is based on a clear legal error. Plaintiffs respectfully request that the Court reconsider its ruling and lift the stay in light of the other arguments made in plaintiffs' opposition to DNP's motion (D.I. 67).

Pursuant to D. Del. LR 7.1.1, the parties met and conferred, and DNP opposes this Motion.

**ARGUMENT**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *Sunovion Pharms., Inc. v. Actavis, Inc.*, C.A. No. 12-993-LPS, 2014 U.S. Dist. LEXIS 75233, at *2-3 (D. Del. June 3, 2014) (citing *Max's Seafood Café*, 176 F.3d at 677. While motions for reconsideration or reargument are to be granted "sparingly" (*Tristrata Tech., Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004)); (D. Del. LR 7.1.5), such requests are appropriate where "the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Flash Seats, LLC v. Paciolan, Inc.*, C.A. No. 07-575-LPS, 2011 WL 4501320, at *2 (D. Del. Sept. 28, 2011) (citing *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998)); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

The Court's stay Order concluded that "[t]he patent issues before the court will be simplified by the ongoing *inter partes* reexamination proceeding, which invalidated the '381 patent." (D.I. 76 at 2). The Court also stated "[o]n December 6, 2013, the [PTO] issued a final decision rejecting all of the claims of the '381 patent on multiple grounds, including a break in the chain of priority…. The court also notes that the PTO final decision rejected NAI's argument that corresponds to its claim construction position in the present case." *Id*. n.2. The Court's Order

staying the '381 patent case should be reconsidered because it is based on the manifest legal error that the PTO's issuance of a Right to Appeal Notice ("RAN") was a final decision that invalidated the '381 patent. The '381 patent remains very much alive and is enforceable as a matter of law.

DNP's customer, Woodbolt, filed a petition with the PTO to institute *inter partes* reexamination of the '381 patent on May 31, 2012. Examiner Ponnaluri of the Central Reexamination Unit instituted the reexamination on July 26, 2012, and subsequently rejected claims and issued a Right to Appeal Notice ("RAN") on December 6, 2013. (D.I. 65-1). NAI timely appealed on January 6, 2014, and filed its initial appeal brief on May 14, 2014. Woodbolt's response is due by June 14, 2014.

At the claim construction hearing, DNP mislead the Court as to the effect of the RAN: "We are in a position where [the RAN] has been issued, *the claims have been invalidated, and the claim constructions have been rejected….*" (D.I. 58 at 6:17-18, emphasis added). DNP's motion to stay also erroneously told the Court that:

> On December 6, 2013, the USPTO issued a *final decision* rejecting all of the claims of the '381 Patent. Although DNP is not directly involved in the IPR, and did not independently seek reexamination of the '381 Patent, the issuance of the *RAN directly impacts the contested issues* in the Patent Case. In light of this significant development relating to the '381 Patent, DNP is now moving for a stay, within a matter of months of the *USPTO's decision* on the '381 Patent, in an effort to avoid a waste of court and party resources devoted to *an invalidated patent*.

(D.I. 65 at 6, emphasis added).

These representations are not correct. *See, e.g., Pegasus Dev. Corp. v. DirecTV, Inc.*, C.A. No. 00-1020-GMS, Order at 1-2 n.1 (D. Del. May 15, 2013) (granting reconsideration because "[d]uring claim construction briefing and oral argument, the plaintiffs failed to present their "'digital only'" construction of this term as a product of prosecution disclaimer."). Here, the

Examiner's RAN is not a final decision of the PTO invalidating the '381 patent. It is nothing more than a preliminary administrative action taken by the PTO.

The relevant statute provides that:

> In a reexamination proceeding under this chapter, *when the time for appeal has expired or any appeal proceeding has terminated*, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.

35 U.S.C. §307(a) (emphasis added). A decision by an examiner in the Central Reexamination Unit is not a final decision. *See, e.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344-46 (Fed. Cir. 2013) (holding that decisions from reexamination proceedings as to invalidity are not "final" until the patent owner has exhausted all avenues of appeal); *Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-00053-GMN, 2014 U.S. Dist. LEXIS 36046, at *8-9 (D. Nev. Mar. 18, 2014) (even though the PTO issued a RAN in which the examiner rejected all claims of the patent-in-suit, "the reexamination process is far from complete. In reality, under 35 U.S.C. § 307, the reexamination process is complete only after the appeal rights have terminated and the Director issues 'a certificate canceling any claim of the patent finally determined to be unpatentable' …. Thus, unless and until a patent claim is canceled by a final decision, it is valid and enforceable during the pendency of a reexamination proceeding.").

The Federal Circuit has plainly ruled that "the grant by the examiner of a request for reexamination is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). "Before the courts, a patent is presumed valid and it remains so until 'it is no longer viable as an enforceable right.'" *In re Bingo Card Minder Corp.*, 1998 U.S. App. LEXIS 5600, at *4 (Fed. Cir. Feb. 25, 1998) (quoting *Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985) (citing 35 U.S.C. §§ 301 to 307 (reexamination of

patents)). "A claim is not canceled until the [Patent Trial and Appeal] Board acts and the Commissioner cancels the claim." *Id.* at *4. "So long as there is a valid patent, a justiciable case or controversy exists with respect to the patent infringement action in the district court." *Id*.

Here, because the Commissioner has not yet issued a certificate canceling the claims of the '381 patent, those claims have not been finally determined to be unpatentable. Examiner Ponnaluri issued an Action Closing Prosecution and then a RAN, which gave NAI the right to appeal the Examiner's decision to the PTAB. *See, e.g.*, *PortalTechs. LLC v. Yahoo, Inc.*, No. 2:11-cv-440-JRG, 2013 U.S. Dist. LEXIS 185620, at *2-3 (E.D. Tex. Jan. 3, 2013) ("reexamination does not end even if the examiner maintains the rejection of the claims. Should that happen, a [RAN] will be issued, freeing the parties to appeal the examiner's decision to the USPTO Patent Appeals Board. The USPTO Appeals Board will take up the case and hear another round of arguments. If the Appeals Board maintains the rejection of the claims, the patent owner may appeal the rejection of the claims to the United States Court of Appeals for the Federal Circuit."). Nor does a RAN have any estoppel effect on the parties. *See, e.g.*, *Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 648 (Fed. Cir. 2011) ("we hold that the estoppel provision of 35 U.S.C. § 315(c) applies only after all appeal rights are exhausted"). Thus, DNP's assertion to the Court that the '381 reexamination is a "final decision" of the PTO is legally incorrect and the '381 patent remains valid and enforceable.[1]

---

[1] The Order also noted "that the PTO final decision rejected NAI's argument that corresponds to its claim construction position in the present case." (D.I. 76 at 2 n.2). However, NAI's claim construction argument in this Court was undisputed by DNP, which confirmed at the *Markman* hearing that it did not propose any construction for "human dietary supplement" or "effective to delay the onset of fatigue." (D.I. 58 at 15:19-16:3; *see also* D.I. 46 at 2-3). As a result, the Court ruled that it would adopt NAI's construction of those terms. (D.I. 58 at 16:2-3, 24:13-17; *see also id.* at 16:15-18). In addition, the standards for claim construction are different in this Court and in the PTO on reexaminations. The PTO applies the standard of broadest reasonable interpretation "in light of the specification as it would be interpreted by one of

NAI timely noticed its appeal of the RAN on January 6, 2014. 37 C.F.R. § 1.953(c); MPEP § 2673.02. NAI timely filed its brief supporting the legal and factual bases for its appeal on May 14. 37 C.F.R. § 41.66(a); MPEP §§ 2675–2675.01. Woodbolt filed its responsive brief on June 14, and the examiner now has an opportunity to answer the parties' arguments, with the Examiner being under no specified time restraints for doing so. 37 C.F.R. §§ 41.66(b), (c), 41.69(a); MPEP § 2677. NAI has one month to submit a rebuttal brief. 37 C.F.R. § 41.71(a); MPEP § 2678. Only at that point is the appeal even *considered for docketing* with the PTAB. MPEP § 2679. The PTAB may thereafter schedule argument, but there is no deadline for it to do so or to decide the appeal. 37 C.F.R. § 41.3; MPEP § 2680. The appeal remains docketed until the PTAB panel assigned to the appeal can convene to review the *inter partes* reexamination file history and render a decision. There is no set time for this period between being forwarded to the PTAB for docketing and the PTAB issuing a decision. The declaration of patent procedure expert Steven Kunin (D.I. 69) avers that the appeal for the reexamination of the '381 patent will not be completed for at least another 24 months (and potentially more).

Moreover, the PTAB is not a rubber stamp; it "reviews the particular finding(s) contested by an appellant anew in light of all the evidence and argument on that issue." *Ex Parte Frye*, 2010 WL 889747 (Bd. Pat. App. & Interf. Feb. 26, 2010). Unlike reexamination examiners, such

---

ordinary skill in the art." *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005); *see also In re Yamamoto*, 740 F.2d 1569 (Fed. Cir. 1984). In contrast, a court must review evidence in claim construction to: (1) give claim terms the scope as interpreted by one of ordinary skill in the art at the time of invention (*see Innova/Pura Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004)); (2) interpret claim scope to determine if the claims cover what was actually invented and what the inventor intended them to cover (*see Renishaw PLC v. Marposs Societa' Per Azioni*, 158 F.3d 1243 (Fed. Cir. 1998)); and (3) based on the presumption of validity of the patent (35 U.S.C. § 282), preserve claim validity, unless an invalidating claim construction is consistent with the claim language and the specification (*see Marine Polymer Techs., Inc. v. Hemcon, Inc.*, 672 F.3d 1350, 1368 (Fed. Cir. 2012)).

as Ponnaluri (who made numerous legal errors), the PTAB's Administrative Law Judges are experienced patent attorneys. And in fact, "a significant number of cases [are] reversed or affirmed only in part" by the PTAB. *E2interactive, Inc. v. Blackhawk Network, Inc.*, C.A. No. 09-629, Opinion and Order at 4 (W.D. Wis. Dec. 6, 2012) (Ex. 1); *see also* Eric J. Rogers, *Ten Years of Inter Partes Patent Reexamination Appeals: An Empirical View*, 29 Santa Clara Computer & High Tech. L.J. 305, 330 (2013). As this Court recognized in *Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, C.A. No. 12-54-GMS, 2013 U.S. Dist. LEXIS 56943, at *14 (D. Del. Apr. 22, 2013), predictions on the ultimate outcome of reexamination proceedings are "speculative" and the "PTO's published statistics suggest that at least some claims will survive intact or in an amended form." *See also Texas Mp3 Techs. v. Samsung Elecs. Co.*, No. 2:07-cv-52, 2007 U.S. Dist. LEXIS 80392, at *6 n.2 (E.D. Tex. Oct. 30, 2007) ("final disposition of any reexamination proceeding is unknown."). As set forth in NAI's PTAB brief (Ex. 2), Examiner Ponnaluri's decision is replete with errors and is ripe for reversal.

The decision in *Carrier Corp. v. Goodman Global, Inc.*, C.A. No. 12-930-SLR, 2014 U.S. Dist. LEXIS 63817 (D. Del. May 8, 2014), addressed this very issue. Carrier sued Goodman for patent infringement and Goodman later filed a reexamination petition on the patent-in-suit. After the Examiner rejected all claims of the patent, but before it issued an Action Closing Prosecution, Goodman filed a motion to stay the litigation pending the outcome of the reexamination. The Court had previously entered a scheduling order, the parties participated in discovery and claim construction, and trial was scheduled to begin in four months. The Court denied the requested stay. The Court found that in enacting the reexamination statute, 35 U.S.C. § 302, Congress expected reexaminations to take place concurrent with litigation. *Id.* at *4. Claims cancelled in a reexamination are deemed unpatentable only if the patent owner's time for

appeal has expired or the PTAB appeal has terminated. *Id*. at *3 (citing 35 U.S.C. § 307(a)). "[S]o long as the reexamination process continues, the court declines to stay the instant litigation." *Id*. at *5. "Without an end to the administrative process in sight, and with different (but equally significant purposes) being served by litigation, the court declines to stay the litigation unless Carrier fails to pursue its administrative remedies once the Action Closing Prosecution issues." *Id*. at *6.

## CONCLUSION

Because the Court's stay Order erroneously concluded that there has been a final PTO decision invalidating the '381 patent and it will be years before there is any final determination, plaintiffs respectfully request that the Order be reconsidered.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard J. Oparil
Scott A.M. Chambers, Ph.D.
Kevin M. Bell
Lacy Kolo, Ph.D.
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-6000

Caroline C. Maxwell
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Avenue
Suite 1700
Dallas, TX 75201
Tel: (214) 758-1500

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Erich W. Struble (#5394)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
estruble@potteranderson.com

*Attorneys for Plaintiffs Natural Alternatives International, Inc. and Compound Solutions, Inc.*

Dated:  June 18, 2014
1156310 / 34341

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 18, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on June 18, 2014, the attached document was electronically mailed to the following person(s):

| | |
|---|---|
| Karen E. Keller<br>Andrew E. Russell<br>Shaw Keller LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>*Attorneys for DNP International Co., Inc.* | Enoch H. Liang<br>Steven R. Hansen<br>Edward S. Quon<br>Eugene L. Hahm<br>Lee Tran & Liang APLC<br>601 S. Figueroa Street, Suite 4025<br>Los Angeles, CA  90017<br>enoch.liang@ltlattorneys.com<br>steven.hansen@ltlattorneys.com<br>edward.quon@ltlattorneys.com<br>eugene.hahm@ltlattorneys.com<br>*Attorneys for DNP International Co., Inc.* |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Erich W. Struble
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
estruble@potteranderson.com

947955/34341